**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0130n.06
Filed: November 23, 2004

**No. 03-6035**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JOHN HAYDEN, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:** **NORRIS and DAUGHTREY, Circuit Judges; OLIVER, District Judge.**[*]

**PER CURIAM:** Defendant-Appellant John Hayden ("Mr. Hayden" or "Defendant") was convicted by a jury on one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and one count of receiving and possessing an unregistered firearm, 26 U.S.C. § 5861(d). On appeal, Hayden challenges the district court's denial of his motion to suppress the firearm seized from his home following a warrantless search, and challenges the sufficiency of the evidence supporting the jury's finding that he possessed a firearm. For the reasons stated below, we AFFIRM the judgment of the district court.

**I. BACKGROUND**

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

On May 28, 2002, a federal grand jury returned an indictment charging Mr. Hayden with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and two counts of receiving and possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). The offenses were alleged to have occurred on July 11, 2001, and February 8, 2002. On November 7, 2002, Defendant filed a motion to suppress firearms seized on both of these dates, and the Magistrate Judge held an evidentiary hearing on December 4, 2002. On January 23, 2003, the Magistrate Judge issued a report and recommendation denying Defendant's motion to suppress in its entirety. The District Judge adopted the Magistrate Judge's findings and recommendation.

Thereafter, Defendant's case was tried to a jury with trial commencing on April 7, 2003, and concluding on April 8, 2003. The jury convicted him on the felon in possession of a firearm charge and the receiving and possessing an unregistered firearm charge growing out of the July 11, 2001 seizure. It acquitted him of the charges growing out of the February 8, 2002 seizure. On July 31, 2003, the court sentenced the Defendant to 262 months of imprisonment on the two counts on which he was convicted to run concurrently.

The district court's factual findings relevant to Mr. Hayden's challenge to the denial of his suppression motion are not in dispute. The findings of the Magistrate Judge are as follows:

> On July 11, 2001, Lt. Otis Anderson, Jr., (hereinafter "Anderson") of the Memphis Police Department, while patrolling alone in a squad car in the southwest Memphis area, responded to a "domestic disturbance" call to 628 Deerskin. The call (apparently placed to Anderson's dispatcher) had come from a female black, in her late teens, and had indicated that her mother and a man were in the house "fighting."
>
> Anderson went to the door at 628 Deerskin, knocked, and was greeted by a teen age female. Anderson asked who called the police, and she responded that she had. Anderson asked her what the problem was, and she said her mom and her mom's boy friend were

upstairs, fighting. Anderson was invited in. He testified that he could hear a "disturbance" upstairs. Anderson asked the teen age female how to get upstairs, and she led him to the stairway. Anderson went upstairs, and met a female, in her late thirties (later identified as Ms. Ravel Taylor). Ms. Taylor told Anderson that she rented the apartment at 628 Deerskin, and that she and her "husband" were arguing about whether he should be allowing people in her house and selling "stuff" (i.e. drugs) in her house.

By this time, another officer had arrived and was downstairs. Anderson directed Ms. Taylor to go downstairs. As she passed Anderson, she told him that "Fish" (her "husband") had just thrown a gun behind the bed.

Anderson brought "Fish" (the defendant herein) out of the bedroom and directed him to go downstairs. In light of what Ms. Taylor had told him as she was passing him, Anderson was concerned for his safety. Anderson looked into the bedroom, and could see, from the doorway, a weapon (a shotgun) standing up (butt up, barrel down) against the wall, behind a bed (as Ms. Taylor had stated). He then went into the bedroom, retrieved the gun, and secured it by taking the shell out of the chamber.

Anderson testified that defendant, when questioned, denied ownership of the gun.

At trial, Ms. Taylor testified that Mr. Hayden had taken the gun out, threatened her with it, and had put it behind the bed. Mr. Hayden's step-children testified that Mr. Hayden had brought guns into the house before.

## II. DISCUSSION

### A. **Propriety of the Seizure**

### 1. Standard of Review

Because none of the district court's relevant factual findings are in dispute, we examine for error the court's application of law to fact, a review which we conduct *de novo*. *United States v. Leake*, 998 F.3d 1359, 1362 (6th Cir. 1993).

-3-

## 2. Analysis

The uncontradicted testimony at the suppression hearing by Officer Anderson was that he was invited into the house where he seized the firearm by the 18-20 year old daughter of the female involved in the argument, Ravet Taylor. He also gave uncontradicted testimony that he was directed by the daughter to the stairs leading up to where the argument was taking place. Therefore, the only question that remains is whether seizure of the gun from the bedroom was proper. The Defendant argues on appeal that his Fourth Amendment rights were violated because there were no exigent circumstances justifying the seizure of the gun. The district court concluded that Defendant's Fourth Amendment rights were not violated because Lt. Anderson was justified in securing the area. We conclude, for the reasons stated hereafter, that there were exigent circumstances justifying the seizure of the gun. Therefore, the trial court properly denied the Defendant's motion to suppress.

Exigent circumstances exist when: (1) the police are in hot pursuit of a fleeing suspect; (2) the suspect poses an immediate threat to the police or the public; or (3) immediate action is needed to thwart the destruction of vital evidence or prevent the escape of known criminals. *United States v. Morgan*, 743 F.2d 1158, 1162-63 (6th Cir. 1984). In this case, Officer Anderson arrived at the house after having received a call that two people were fighting. When he arrived at the house, he could actually hear a disturbance taking place upstairs. As he ascended the stairs to investigate the disturbance, he saw one of the participants in the disturbance, the wife of the Defendant, at the top of the stairs. She informed him that she and Defendant had been arguing because he had been allowing people to come to the house to buy drugs. Officer Anderson then directed her to go downstairs. As she passed him on the way down the stairs, she informed Officer Anderson that Defendant had put a gun behind the bed in the bedroom to his left. The officer testified that in light

of the fact that he was at the home on a disturbance call and out of his concern that there was a potential for violence, he directed the Defendant to leave the room and go downstairs so that he might take control of the gun. Under these circumstances, it was reasonable for Officer Anderson to conclude that the presence of the gun posed a threat to him and others, including the Defendant's wife. Considering the totality of the circumstances, exigent circumstances existed for the seizure. Consequently, there was no violation of Defendant's Fourth Amendment rights.

### B. Sufficiency of the Evidence

### 1. Standard of Review

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government and will affirm the jury's verdict unless no rational trier of fact could have found beyond a reasonable doubt that the defendant committed the offense charged. *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992). Circumstantial evidence alone may sustain a conviction under this deferential standard of review. *United States v. Adams*, 265 F.3d 420, 423 (6th Cir. 2001).

### 2. Analysis

Mr. Hayden challenges the jury's finding that he possessed a firearm. However, several pieces of evidence indicate that he possessed the shotgun. Ms. Taylor testified that Mr. Hayden had taken the shotgun out, had threatened her with it, and had hidden it behind the bed. Furthermore, Mr. Hayden's step-children testified that the guns in the house had been brought in by Mr. Hayden. Accordingly, sufficient evidence existed to support the finding that Mr. Hayden possessed the gun.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.